Bruce A. Schoenberg
Schrader & Schoenberg, LLP
711 Third Avenue, Suite 1505
New York, New York 10017
(212) 986-4888
Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

JET ONE GROUP, INC.,

                            Plaintiff,

              v.

HALCYON JET HOLDINGS, INC.,
HALCYON JETS, INC.
ALFRED S. PALAGONIA a/k/a
AL PALAGONIA, MITCHELL BLATT,
MARK HADER, JAN E. CHASEN and
GREGORY D. COHEN,

                         Defendants.

-------------------------------------------------------------X

Civil Action No. CV-08-3980

DECLARATION OF BRUCE A. SCHOENBERG
<u>IN SUPPORT OF MOTION FOR SANCTIONS</u>

BRUCE A. SCHOENBERG declares pursuant to 28 U.S.C. § 1746:

1.    I am a partner in Schrader & Schoenberg, LLP, counsel for defendants in the above-referenced matter. I am an attorney duly admitted to the practice of law in the State of New York and a member of the bar of this Court. I submit this Declaration in Support of Defendants' Motion for Sanctions against plaintiff Jet One Jets, Inc. and its counsel, Steven Legum, Esq. pursuant to Rule 11 of the Federal Rules of Civil Procedure.

2.    The thrust of the Complaint in this matter is that defendants fraudulently induced plaintiff Jet One, Inc. to enter into a Letter of Intent with Halcyon Jets, Inc. ("Halcyon") by falsely representing that defendant Alfred S. Palagonia ("Palagonia") was no longer associated with Halcyon. Thus, the Complaint alleges that:

- "In 2007, defendants Palagonia, Cohen and Christian Matteis approached plaintiff through its principals, Anthony Ottimo and Louis Ottimo, toward the end of acquiring all or part of the stock of plaintiff or purchasing its business," [Complaint ¶ 12];

- "Messrs. Louis and Anthony Ottimo advised Halcyon that they were not interested in pursuing a business relationship with the [sic] Halcyon," [Complaint ¶ 16];

- "The reason that they declined such business relationship is that defendant Palagonia's reputation and criminal background was known to them" and "Plaintiff determined that it was not in its best interest to do business with which Palagonia was associated," [Complaint ¶ 17 (emphasis added)];

- "In early May, 2008 Halcyon, through defendants Blatt and Cohen approached the Ottimos and advised them that <u>Palagonia was no longer involved in the management of Halcyon,</u>" [Complaint ¶ 24 (emphasis added)];

- "In reliance upon those false representations, the Ottimos resumed negotiations with Halcyon," [Complaint ¶ 28] and that

- On June 27, 2008, Louis and Anthony Ottimo signed a Letter of Intent to sell its business to Halcyon.  [Complaint ¶¶ 31-32].

3.      Plaintiff alleges that defendants' representations in May 2008 were "false and known at the time uttered to be false." [Complaint ¶ 25].

4.      Based upon these factual allegations, plaintiff has asserted claims against defendants under the Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. § 1961 <u>et seq</u>. based on mail fraud and wire fraud predicates, [Complaint ¶¶ 61-76 and 77-80] and for common law fraud. [Complaint ¶¶ 84-89].

5.      In fact, plaintiff not only knew that Palagonia was still associated with Halcyon, **<u>plaintiff actually negotiated the Letter of Intent with defendant Palagonia!</u>** Thus, on May 27, 2008, Louis Ottimo, one of plaintiff's principals, sent Mitchell Blatt, Halcyon's CEO, an email stating that:

> Mitch,
>
> <u>As per the conversations with Anthony [Ottimo] and Al [Palagonia]</u>, we are willing to take:
>
> 1) $400,000, which will go to Anthony and I (this may sound a little schizophrenic, but Anthony convinced me this weekend)
>
> 2) $600,000, which will go to Jet One Debt

3) 80/20 split for 3 years, 4th year Jet One payout goes down to 60/40 payout.

4) Jet One must do a min. of $10 million per year, if not; Halcyon gets a better split 70/30;

5) Jet One is responsible for all overhead including salaries and rent, phones.

6) Halcyon will be and be responsible for all related flights. If Halcyon cannot fulfill this obligation, it will forfeit funds given to Jet and Jet One has the right to find another funding resource.

7) Halcyon has the right to convert or raise additional funds from Jet One's bridge loan investors.

8) Halcyon will give Anthony and Louis Ottimo, 3 million stock option at .40 cents

9) Halcyon will fund Bridgehampton Polo Event which created over 10 million media hits last year.  Cost $150,000.

10) An operating agreement will be created and agreed upon, the venture will be called "Jet One Jets powered by Halcyon Jets."

Above are the 10 most important points to be agreed upon.  If you have any questions please contact us at the below numbers.

A true and correct copy of this email is attached hereto as **Exhibit A**.

6.      Many of the above points, which were discussed directly between

Anthony Ottimo and defendant Palagonia, were subsequently incorporated into the Letter

of Intent between Halcyon and Jet One.

7.      Other employees of plaintiff Jet One Jets also had communications with

defendant Palagonia between "early May" 2008 (when defendants Blatt and Cohen

allegedly represented that "Palagonia was no longer involved in the management of

Halcyon" and June 27, 2008 (when the Letter of Intent was allegedly signed).  Upon

information and belief, in or about mid-June 2008, James Chitty, plaintiff's "Long Island

Sales Director" spoke to Ara Proudian, a Halcyon employee, about whether Halcyon

could charter an XO private jet for one of plaintiff's clients at a competitive price. On

June 16, 2008 Mr. Proudian responded to Mr. Chitty's inquiry by forwarding to Mr.

Chitty an email from defendant Palagonia. Mr. Proudian's forwarding email stated

"James, per Al Palagonia," and the attached email from defendant Palagonia asked Mr.

Proudian to "Please forward this to James and let him know I can do much better, but do

not want to attempt [to do so] until he know for sure that he needs an XO jet." Defendant

Palagonia's email was signed by defendant Palagonia as a "Managing Director" of

Halcyon. A true and correct copy of this series of emails is attached hereto as **Exhibit B.**

8.      Even after the Letter of Intent was signed, plaintiff and its principals

continued to have discussions with defendant Palagonia. Thus, on July 18, 2008, Louis

Ottimo sent defendants Blatt and Cohen an email requesting that they schedule a

conference call with "Mitch [Blatt] and Al [Palagonia]" to discuss plaintiff's "default of

our agreement." A true and correct copy of this email is attached hereto as **Exhibit C**.

9.      If plaintiff's counsel had conducted even a minimal factual investigation

before filing the Complaint in this action, he would have discovered that there was

absolutely no factual basis for his client's claim that it was unaware of defendant

Palagonia's continued association with and role at Halcyon at the time it executed the

Letter of Intent.

10.      Defendants have already incurred legal fees and expenses of

approximately $35,000.00 in connection with their pending motion to dismiss plaintiff's

legally and factually frivolous RICO claims, and anticipate incurring a total of more than

$50,000.00 in connection with such motion.

11.     Accordingly, defendants respectfully request that this Court sanction plaintiff Jet One Jets, Inc. and its counsel, Steven Legum, Esq., pursuant to Federal Rule of Civil Procedure 11, and that it award defendants' their reasonable attorneys' fees and costs of suit.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 21, 2008.

Bruce A. Schoenberg

# **EXHIBIT A**

**From:** Louis Ottimo [mailto:louis@jetonejets.com]
**Sent:** Tuesday, May 27, 2008 11:55 AM
**To:** 'COINMITCH@aol.com'
**Subject:** Jet One

Mitch,

As per the conversations with Anthony and Al, we are willing to take

1) $400, 000, which will go to Anthony and I. (This may sound a little schizophrenic, but Anthony convinced me this weekend)
2) $600, 000 , which will go to Jet One Debt
3) 80/20 split for 3 years, 4th year Jet one payout goes down to 60/40 payout.
4) Jet One must do a min. of $10 million per year, if not; Halcyon gets a better split, 70/30.
5) Jet One is responsible for all overheard including salaries and rent, phones.
6) Halcyon will bill and be responsible for all related flights. If Halcyon cannot fulfill this obligation, it will forfeit funds given to Jet and Jet One has the right to find another funding resource.
7) Halcyon has the right to convert or raise additional funds from, Jet One's bridge loan investors
8) Halcyon will give Anthony and Louis Ottimo, 3 million stock option at .40 cents
9) Halcyon will fund Bridgehampton Polo event which created over 10 million media hits last year. Cost $150,000.
10) An operating agreement will be created and agreed upon, the venture will be called, "Jet One Jets powered by Halcyon Jets"

Above are the 10 most important points to be agreed upon, If you have any questions please contact us at the below numbers.



**Louis Ottimo**

Office:  516-396-1333
Mobile: 516-270-7593
Fax: 516-396-1314
Email: louis@jetonejets.com
Web: http://jetonejets.com

**From:** COINMITCH@aol.com [mailto:COINMITCH@aol.com]
**Sent:** Tuesday, May 27, 2008 9:10 AM
**To:** louis@jetonejets.com
**Subject:** (no subject)

Hi
I never received the e mail from you over the weekend. I was concerned it got caught up in my spam filter. Did you send it?

Mitch

**<u>EXHIBIT B</u>**

aproudian@halcyonjets.com

www.HalcyonJets.com

New York City ~ Boca Raton ~ Beverly Hills ~ London ~ Trinidad

 Member



"This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify us by reply e-mail and immediately and permanently delete this message and any attachments. Thank you." Halcyon Jets Inc. 800.698-5387.

**From:** James Chitty [mailto:jchitty@jetonejets.com]
**Sent:** Monday, June 16, 2008 10:44 AM
**To:** Ara Proudian
**Subject:** RE:

Thanks, I will let you know shortly if we cant do any better.

**James Chitty**
Long Island Sales Director
Jet One Jets
516.396.1333 Office
631.484.4698 Cell
jchitty@jetonejets.com

www.jetonejets.com

**From:** Ara Proudian [mailto:Aproudian@halcyonjets.com]
**Sent:** Monday, June 16, 2008 10:33 AM
**To:** James Chitty
**Subject:**

James,

Per Al Palagonia:

Please forward this to James and let him know I can do much better, but do not want to attempt until he knows for sure that he needs an XO jet. Thank you.

Al

Al Palagonia
Managing Director



Halcyon Jets, Inc.
336 West 37th Street
Suite 800
New York, NY 10018
212.616.5370 - direct
212.616.5387 - 24/7 service
516.852.4766 cell
800.698.Jets (5387)
646.649.9001 fax
888.865.Jets (5387) fax
apalagonia@halcyonjets.com
www.halcyonjets.com

"This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify us by reply e-mail and immediately and permanently delete this message and any attachments. Thank you." Halcyon Jets Inc. 800.698-5387.

*Ara Proudian*
*Director of Operations*



HALCYON JETS

Halcyon Jets, Inc.
336 West 37th Street, Suite 800
New York, NY 10018
212.616.5365 Direct Voice

212.616.JETS (5387) Main
800.698.JETS (5387)
212.967.1295 Direct Fax
aproudian@halcyonjets.com
www.HalcyonJets.com

**New York City ~ Boca Raton ~ Beverly Hills ~ London ~ Trinidad**

 Member



"This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify us by reply e-mail and immediately and permanently delete this

10/21/2008 11:18 AM

message and any attachments. Thank you." Halcyon Jets Inc. 800.698-5387.

# **<u>EXHIBIT C</u>**

**From:** Louis Ottimo [mailto:louis@jetonejets.com]
**Sent:** Friday, July 18, 2008 3:58 PM
**To:** COINMITCH@aol.com
**Cc:** Greg Cohen
**Subject:** Conference Call Jet One

Greg, I thought we were going to set up a conference call today with Mitch and Al. Please let me know the status of that call.
Earlier I wired the $12,005.60 to Halcyon Jets to cure any default of our agreement. I spoke with Jan to confirm the wire, we left off that he was going to check on it.
T



**Louis Ottimo**

Office:  516-396-1333
Mobile: 516-270-7593
Fax: 516-396-1314
Email: louis@jetonejets.com
Web: http://jetonejets.com

FW Conference Call Jet One